IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Asel Musaeva,<br><br>Petitioner,<br><br>v.<br><br>John Cantu, et al.,<br><br>Respondents. | No. CV-25-04529-PHX-MTL (ASB)<br><br>**ORDER** |

Petitioner Asel Musaeva filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 1) and an Ex Parte Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 2). The Court will require an expedited answer to the Petition and motion for injunctive relief.

Petitioner names Immigrations and Customs Enforcement Phoenix Field Office Director John Cantu and Acting Director Todd Lyons; United States Attorney General Pam Bondi; and Department of Homeland Security Secretary Kristi Noem as Respondents.

Petitioner alleges that she is a native and citizen of Kyrgyzstan who entered the United States in February 2025, was placed in expedited removal proceedings, was determined to have a credible fear of persecution if returned to Kyrgyzstan, was released on parole, and was issued a Notice to Appear. (Doc. 1 ¶¶ 2-3.) That Notice to Appear was allegedly never filed with the immigration court. (*Id.* ¶ 5.) When Petitioner reported to ICE as directed on May 13, 2025, she was served with an Order of Supervision, "presumably" related to the "cancelled expedited removal order." (*Id.* ¶ 4.) Petitioner filed

1  an asylum application on May 22, 2025.  (*Id.* ¶ 5.)  On June 4, 2025, when Petitioner
2  reported to ICE as directed, she was arrested, and her Order of Supervision was revoked
3  without notice or cause.  (*Id.* ¶ 6.)

4       Petitioner is not aware of the basis for her detention. If the previously issued and
5  purportedly cancelled expedited removal order is still in effect, her detention is prolonged.
6  If her parole or Order of Supervision was revoked, she was not given notice or an
7  opportunity to respond to the reasons for the revocation. Petitioner alleges her detention
8  violates her rights under the Fifth Amendment, *Zadvydas v. Davis*, 533 U.S. 678 (2001),
9  *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976), the Administrative Procedure Act, and 8
10  U.S.C. § 1231(a); her arrest violated 8 C.F.R. § 241 and her due process rights because she
11  was not given notice or an opportunity to respond to the reasons for her arrest; and her
12  potential removal would violate her due process rights because an individual "with a
13  finding of credible fear may not be removed without being afforded the opportunity to have
14  their application for relief considered." (Doc. 1 at 13-18.)

15       Petitioner also filed an Emergency Verified Motion for Ex Parte Temporary
16  Restraining Order and Preliminary Injunction.  (Doc. 2.)  A temporary restraining order
17  can be issued without notice

> only if: (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; **and** (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

22  Fed. R. Civ. P. 65(b)(1) (emphasis added).  *See also* LRCiv 65.1 ("*Ex parte* restraining
23  orders shall only issue in accordance with Rule 65, Federal Rules of Civil Procedure.").

24       The declaration submitted in support of the request for ex parte TRO does not
25  establish Petitioner will suffer irreparable injury before Respondents can be heard in
26  opposition.  Fed. R. Civ. P. 65(b)(1)(A).  Because the request for a temporary restraining
27  order fails to comply with Rule 65(b)(1)(A), the Court will deny without prejudice
28  Plaintiff's request for an ex parte temporary restraining order.  *See* LRCiv 65.1.

The Court will require Respondents to answer the Petition and the remainder of the Motion on an expedited basis.

**IT IS ORDERED:**

(1) Petitioner's Ex Parte Motion for Temporary Restraining Order (Doc. 2) is **denied**. Petitioner's Motion for Preliminary Injunction remains pending.

(2) Counsel for Petitioner must immediately serve the Petition upon Respondents.

(3) If not already issued, the Clerk's Office must issue any properly completed summonses.

(4) The Clerk of Court must immediately transmit by email a copy of this Order and a copy of the Petition and Motion for Temporary Restraining Order to the United States Attorney for the District of Arizona, to the attention of Katherine Branch at katherine.branch@usdoj.gov, Melissa Kroeger at melissa.kroeger@usdoj.gov, Lon Leavitt at lon.leavitt@usdoj.gov; and Theo Nickerson at theo.nickerson2@usdoj.gov.

(5) Respondents must respond the motion and Petition no later than December 18, 2025. Petitioner may file replies no later than December 22, 2025.

Dated this 11th day of December, 2025.

Michael T. Liburdi
United States District Judge