**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Asel Musaeva, | No. CV-25-04529-PHX-MTL (ASB) |
| Petitioner, | **ORDER** |
| v. | |
| John Cantu, et al., | |
| Respondents. | |

This matter involves a petition for habeas corpus under 28 U.S.C. § 2241.

Petitioner is a Russian national who claimed a credible fear of persecution in her home country. According to the First Amended Petition for Habeas Corpus, after her entry into the United States in February 2025, an asylum officer determined that she had a credible fear of harm if she returned to Russia. (Doc. 1 ¶ 2) Her expedited removal order, from February 13, 2025, was cancelled. (*Id.*) She was released, issued a notice to appear, and later given an order of supervision. (*Id.* ¶¶ 3-4) The United States Immigration and Customs Enforcement ("ICE") then revoked her order of supervision without notice and detained her under the vacated removal order. (*Id.* ¶ 6) Petitioner alleges, upon information and belief, that she "was deported to Russia on December 7, 2025." (*Id.* ¶ 67)

The Amended Petition continues to assert Habeas Corpus, along with various constitutional and Administrative Procedure Act claims for relief.

Respondents move to dismiss, arguing that Petitioner's removal from the United States deprives the Court of jurisdiction to consider the habeas petition. (Doc. 14)

The Court agrees with Respondents that habeas relief is no longer available once the petitioner has been removed from the United States. *Sy v. Immigr. & Customs Enf't*, No. 4:19 CV 894, 2020 WL 5821516, at *4 (N.D. Ohio Jan. 15, 2020), report and recommendation adopted, No. 4:19-CV-894, 2020 WL 5814594 (N.D. Ohio Sept. 30, 2020) ("The Sixth Circuit has held that a petition for a writ of habeas corpus challenging the length of detention pending removal is rendered moot by removal." (citing *Enazeh v. Davis*, 107 F. App'x 489, 491 (6th Cir. 2004)); *see also Hirabayashi v. United States*, 828 F.2d 591, 604 (9th Cir. 1987) ("Such habeas corpus relief is not available, however, to a defendant who has served his sentence and has been released from custody."). The Court therefore finds that it lacks jurisdiction over Petitioner's habeas petition.

Petitioner's constitutional and APA claims may survive her removal. But the Court agrees with Respondents that a petition for habeas corpus is not the appropriate vehicle to assert these claims. As Respondents point out, Petitioner's facial attack on the government's asylum process must proceed through the appropriate immigration law process. *See Martinez v. Napolitano*, 704 F.3d 620, 622 (9th Cir. 2012) ("We join the Second and Seventh Circuits in holding that 8 U.S.C. § 1252(a)(5) prohibits Administrative Procedure Act claims that indirectly challenge a removal order."). The Court need not convert Petitioner's other non-habeas claims asserted in the Amended Petion into a civil rights action. *Pinson v. Carvajal*, 69 F.4th 1059 1075-76 (9th Cir. 2023). These claims may be reasserted by filing a civil complaint. The Court will therefore dismiss the remaining claims without prejudice.

**IT IS THEREFORE ORDERED** that the Motion to Dismiss (Doc. 14) is **GRANTED**. The First Amended Petition for Habeas Corpus (Doc. 9) is dismissed as follows:

1. Count Five (Habeas Corpus) is **dismissed with prejudice**.
2. Counts One through Four are **dismissed without prejudice**.

**IT IS FURTHER ORDERED** that the Motion for Leave to File Reply Brief (Doc. 16) is **GRANTED**. The Clerk of Court must file the brief lodged at Docket No. 17.

1  **IT IS FURTHER ORDERED** that Petitioner's Motion for Preliminary Injunction
2  (Doc. 2) is **DENIED as moot**.
3  **IT IS FINALLY ORDERED** that the Clerk of Court must enter a judgment of
4  dismissal consistent with this Order and close this case.
5  Dated this 21st day of January, 2026.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge